IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JOVON J. HUDSON, | § | No. 221, 2021 |
| | § | |
| Defendant Below, | § | Court Below – Superior Court |
| Appellant, | § | of the State of Delaware |
| v. | § | |
| | § | I.D. No. 1903012670 (N) |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: July 28, 2021
Decided: October 1, 2021

Before **SEITZ**, Chief Justice; **VAUGHN** and **MONTGOMERY-REEVES**, Justices.

**O R D E R**

After careful consideration of the appellant's opening brief, the State's motion to affirm, and the record on appeal, we find it evident that the judgment below should be affirmed on the basis of and for the reasons assigned in the Superior Court's June 28, 2021 order denying the appellant's motion for correction of an illegal sentence. The Superior Court was under no obligation to hold, *sua sponte*, a competency hearing before accepting the appellant's guilty plea where, as here, there is no evidence that the court was presented with any reason to doubt his competence.[1]

---

[1] *Kostyshyn v. State*, 51 A.3d 416, 420 (Del. 2012) ("Due Process requires the trial court to inquire *sua sponte* as to the defendant's competence in every case in which there is a reason to doubt the defendant's competence to stand trial." (internal quotation marks and citations omitted)).  Because

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Tamika R. Montgomery-Reeves*
Justice

---

the appellant pled guilty at his first court appearance and did not file a direct appeal, the record is slim.  But we note that the plea paperwork reflects that the appellant had never been a patient at a mental hospital.